## Arthur Freund, Defendant in Error, v. Max Goldenberg, Plaintiff in Error.

### Gen. No. 21,768. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 31, 1916. Rehearing denied February 14, 1916.

### Statement of the Case.

Action by Arthur Freund, plaintiff, against Max Goldenberg, defendant, in the Municipal Court of Chicago, to recover on an oral contract of employment to extend from October 16, 1913, to January 15, 1914, at $45 per week. To reverse a judgment for plaintiff for $409.50, defendant prosecutes this writ of error.

The evidence tended to show that plaintiff was experienced in the ladies' ready-to-wear clothing business, and in October, 1913, was employed by a ladies' cloak and suit concern, and making $25 a week, with a prospect of continued employment. At this time defendant and one Bruns purchased a bankrupt stock of merchandise. Neither had ever been in the ladies' clothing business and they needed an experienced man to retail this stock. Defendant asked plaintiff to take charge of the sale of this merchandise, and plaintiff replied that it would not pay him to leave a steady position for a short time. An agreement was made that plaintiff should work for defendant from October 16th until the following January 15th at $45 a week. Plaintiff entered upon his duties and did the things which are usually done under such circumstances to attract customers, displaying skill and experience. The stock was smoked and burned and of old style, and did not sell at profitable prices. After a week and five days, defendant discharged plaintiff.

Plaintiff sought to obtain other employment, and from October 28th until March 27th was able to secure a position for only three and a half weeks at $12 per week.

EBEN F. RUNYAN, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; SIGMUND W. DAVID, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 84*—*when evidence sufficient to sustain finding as to wrongful discharge of servant.* In an action to recover on an oral contract of employment, where there was evidence that the cause of plaintiff's discharge was the failure of defendant to do a profitable business, but where defendant attempted to justify the discharge on the ground that plaintiff made misrepresentations as to his ability, salary and length of service with his former employer, and that he was incompetent and did not perform his work in a good and workmanlike manner, evidence *held* sufficient to sustain a finding that plaintiff was wrongfully discharged.

---

## Fort Dearborn National Bank of Chicago, Defendant in Error, v. John Hobrecker, Jr., Plaintiff in Error.

### Gen. No. 21,122.

MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of defense in action on written guaranty insufficient.* In an action to recover on a written guaranty of the payment of five promissory notes, it is proper to strike an affidavit of defense admitting default in the payment of one note and liability thereon, but alleging that the other notes sued on were not at the time the action was commenced

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.